No. 25-447
_____
_____

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

_____

STATE OF OREGON,

    Plaintiff-Appellant,

        v.

SAMUEL TROY LANDIS,

    Defendant-Appellee.

_____

APPELLANT'S REPLY BRIEF
_____

Appeal from the United States District Court
for the District of Oregon
_____

                DAN RAYFIELD
                Attorney General
                BENJAMIN GUTMAN
                Solicitor General
                PHILIP THOENNES
                Senior Assistant Attorney General
                1162 Court St. NE
                Salem, Oregon 97301-4096
                Telephone: (503) 378-4402
                philip.thoennes@doj.oregon.gov

                Attorneys for Appellant

_____
_____

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

ARGUMENT .........................................................................................................1

    A.    The district court failed to view disputed issues of fact in the light most favorable to the state. ....................................................2

    B.    The district court was required to accept as true the factual allegations in the indictment. .......................................................3

    C.    Defendant bears the burden of showing that his conduct was objectively reasonable as a matter of law. .......................................4

CONCLUSION......................................................................................................6

# TABLE OF AUTHORITIES

## Cases Cited

*Boyce Motor Lines, Inc. v. United States*,
    342 U.S. 337 (1952) ......................................................................................3

*Morgan v. California*,
    743 F.2d 728 (9th Cir. 1984)..........................................................................4

*New York v. Tanella*,
    374 F.3d 141 (2d Cir. 2004) ..........................................................................3

*Torres v. City of Madera*,
    648 F.3d 1119 (9th Cir. 2011)........................................................................5

*United States v. Korotkiy*,
    118 F.4th 1202 (9th Cir. 2024).......................................................................3

*United States v. Pangang Group Company, Ltd.*,
    6 F.4th 946 (9th Cir. 2021)............................................................................5

*Wyoming v. Livingston*,
    443 F.3d 1211 (10th Cir. 2006)..................................................................3, 6

## Constitutional and Statutory Provisions

FRCrP 12(b)........................................................................................................ 1

# APPELLANT'S REPLY BRIEF
_____

## INTRODUCTION

The parties largely agree on the substantive law governing defendant's claim of Supremacy Clause immunity. The dispute, rather, centers on what facts this court must take as true in applying that substantive standard on *de novo* review of the district court's ruling on the pretrial motion to dismiss. As explained below, because of that procedural posture, this Court must take the allegations in the indictment as true and view the record evidence in the light most favorable to the state. Under that view of the factual record, defendant failed to meet his burden of demonstrating that his conduct was objectively reasonable as a matter of law. This court should therefore reverse the district court's order granting defendant's motion to dismiss on Supremacy Clause immunity grounds and remand for further proceedings.

## ARGUMENT

Defendant acknowledges that the issue before the Court is whether his conduct was "necessary and proper"—that is, objectively reasonable. (Def. Br. 16). But that legal question must be considered within the appropriate procedural framework. Defendant moved to dismiss the indictment before trial under Federal Rule of Criminal Procedure 12(b) on the ground that he was entitled to Supremacy Clause immunity. Defendant's decision to raise his

claim of immunity before trial constrains the way in which the district court, and this Court, must view the record evidence and places the burden on defendant to show that his conduct was objectively reasonable as a matter of law. Because the district court failed to view the evidence in the light most favorable to the state and erred in concluding that defendant met his burden to show that his conduct was objectively reasonable, this Court must reverse.

### A. The district court failed to view disputed issues of fact in the light most favorable to the state.

Defendant asserts that the material facts are "undisputed." (Def. Br. 9).[1] That is wrong. As set out in the state's opening brief, the state very much disputes key issues of fact, including whether defendant subjectively believed that he needed to drive through a residential intersection against a stop sign at 18 miles per hour; whether defendant's conduct fit within the mine run of traffic laws that DEA agents might reasonably be expected to violate when conducting surveillance; whether defendant's conduct violated DEA policy on the use of government vehicles; and whether the importance of surveillance in the

---

[1] The state does not dispute certain facts, such as the fact that defendant was working as a DEA agent and was engaged in a surveillance operation at the time of the homicide. But the state has never argued that defendant cannot satisfy the first two prongs of Supremacy Clause immunity. The question is whether defendant's conduct was objectively reasonable. Key facts pertinent to that question are disputed and must be viewed in the light most favorable to the state.

ongoing fight against fentanyl adds some amount of extra reasonableness to defendant's conduct. (App. Br. 28–34). On each point the district court failed to view the record evidence in the light most favorable to the state, as it was required to do this stage of the case. *Wyoming v. Livingston*, 443 F.3d 1211, 1226 (10th Cir. 2006) (citing *New York v. Tanella*, 374 F.3d 141, 146 (2d Cir. 2004)). Further, on each point the state has raised a genuine factual issue, supported by record evidence, that calls the objective reasonableness of defendant's conduct into question. *See id.* (explaining that, when a defendant raises defense of immunity in pretrial motion to dismiss, state must point to evidence of a genuine factual issue).

**B.     The district court was required to accept as true the factual allegations in the indictment.**

Defendant contends that the district court was not bound by the allegations in the indictment. (Def. Br. 19–21). But the Supreme Court has clearly held that a court must take all allegations in the indictment as true when ruling on a pretrial motion to dismiss in a criminal case. *Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 343 n.16 (1952). And this court has applied that rule repeatedly and recently. *See, e.g.*, *United States v. Korotkiy*, 118 F.4th 1202, 1219 (9th Cir. 2024) (citing *Boyce Motor Lines* and taking allegations in indictment as true in reviewing district court's ruling on the defendant's pretrial motion to dismiss).

Despite that authority, defendant remonstrates that "indictments are not evidence" and the state's "allegations do not control the immunity analysis." (Def. Br. 19). Those would be good arguments if the state was relying on the allegations in the indictment to help meet its burden of production at trial, in response to a motion for judgment of acquittal. But a court must treat the allegations in the indictment as true in ruling on a pretrial motion to dismiss. Finally, the state agrees that factual allegations in the indictment are not enough to "defeat immunity" as a matter of law. Immunity is a legal question, and the state cannot plead its way around the federal constitution. *Cf. Morgan v. California*, 743 F.2d 728, 733 (9th Cir. 1984) (explaining that a state prosecutor cannot "fabricate a factual allegation that, if true, would negate the [federal] officer's reliance on a federal privilege"). But again, the trial court was required to accept as fact the allegation that defendant acted with criminal negligence and the court was not free to ignore that fact in deciding whether defendant met his burden to show that his conduct was objectively reasonable.

**C.  Defendant bears the burden of showing that his conduct was objectively reasonable as a matter of law.**

As the state argued in its opening brief, it is defendant's burden to demonstrate that the record evidence—viewed in the light most favorable to the state—establishes that his conduct was objectively reasonable as a matter of law. (App. Br. 18–19). Defendant argues in response that he is entitled to

immunity as a matter of law because his conduct was objectively reasonable. (Def. Br. 28–33). But defendant's argument on that point incorrectly shifts the burden away from defendant, as the moving party, and onto the state.

Defendant first faults the state for citing a qualified immunity case. (Def. Br. 28). But the state cited *Torres v. City of Madera* not for its underlying facts, of course, but for the legal proposition that a moving party is not entitled pretrial judgment in its favor if a "reasonable jury could weigh the significance of [the evidence] differently from the way in which the district court weighed" that evidence. 648 F.3d 1119, 1125–26 (9th Cir. 2011). Here, as set out in the state's opening brief, the district court failed to view the record evidence in the light most favorable to the state. Viewing the record evidence in that light, a reasonable trier of fact could readily conclude that defendant's conduct was not objectively reasonable. (App. Br. 38–41).

Defendant next argues that he is entitled to immunity as a matter of law unless the state can show that *every* reasonable trier of fact would conclude that defendant's conduct was not objectively reasonable. But that argument incorrectly allocates the burden on defendant's pretrial motion to dismiss on immunity grounds. In moving to dismiss based on a claim of immunity, the defendant bears the burden of showing that they are entitled to immunity as a matter of law. *See, e.g.*, *United States v. Pangang Group Company, Ltd.*, 6

F.4th 946, 954–55 (9th Cir. 2021) (affirming district court's denial of pretrial motion to dismiss indictment because the defendants failed to carry their burden of proving immunity from prosecution as "instrumentalities" of a foreign government under the Foreign Sovereign Immunities Act). Here, for the reasons set out in the state's opening brief, (App. Br. 34–42), defendant failed to meet that burden and the district court erred in granting the motion to dismiss.[2]

## CONCLUSION

This Court should reverse the district court's order granting defendant's motion to dismiss on Supremacy Clause immunity grounds and remand for further proceedings.

Respectfully submitted,

DAN RAYFIELD
Attorney General
BENJAMIN GUTMAN
Solicitor General

/s/ Philip Thoennes
_____
PHILIP THOENNES
Senior Assistant Attorney General
philip.thoennes@doj.oregon.gov

Attorneys for Plaintiff-Appellant
State of Oregon

---

[2] As the Tenth Circuit has noted, "denying a motion to dismiss does not foreclose a grant of Supremacy Clause immunity at a later stage in the litigation." *Livingston*, 443 F.3d at 1226 n.9. If the jury resolves disputed issues of fact in defendant's favor, then immunity may be appropriate.

## CERTIFICATE OF COMPLIANCE

Pursuant to Rules 32(a)(5) and (7), Federal Rules of Appellate Procedure, I certify that the Appellant's Reply Brief is proportionately spaced, has a typeface of 14 points or more, and contains 1,382 words.

DATED: July 2, 2025

/s/ Philip Thoennes
_____
PHILIP THOENNES
Senior Assistant Attorney General
philip.thoennes@doj.oregon.gov

Attorney for Plaintiff-Appellant
State of Oregon

# CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2025, I directed the Appellant's Reply Brief to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Philip Thoennes
_____
PHILIP THOENNES
Senior Assistant Attorney General
philip.thoennes@doj.oregon.gov

Attorney for Plaintiff-Appellant
State of Oregon

PT4:bes/994228779